# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DEVLING OTTIS**                                                                **PLAINTIFF**
**ADC #156040**

V.           Case No. 2:21-cv-00052-KGB-JTR

**DEXTER PAYNE, Director, ADC,** *et al.*                   **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact

### I. Discussion

On May 11, 2021, Devling Ottis ("Ottis") and two other prisoners[1] in the Delta Regional Unit of the Arkansas Division of Corrections ("ADC") filed a single civil rights complaint that was severed into three separate lawsuits. *Docs. 1 & 2*. On May

---

[1] Adarius Eason and Jakobe Brown.

13, 2021, the Court entered an Order instructing Ottis that, within thirty (30) days, he must either: (1) pay the $402 filing and administrative fee; or (2) file a properly completed Application to Proceed *In Forma Pauperis*, along with a completed prison trust fund account statement and calculation sheet signed by an authorized prison official. *Doc. 2 at 3*. The Court cautioned Ottis that his failure to comply with the Order would cause his Complaint to be dismissed. *Id.*

Ottis has not complied with or otherwise responded to the May 13, 2021 Order, and the time for doing so has passed. Accordingly, Ottis's Complaint should be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[2]

IT IS THEREFORE RECOMMENDED THAT:

1. Ottis's Complaint be DISMISSED, without prejudice.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

---

[2] The Court's May 13, 2021 Order also advised Ottis of his responsibilities under Local Rule 5.5(c)(2). *Doc. 2 at 1*. Local Rule 5.5(c)(2) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Dated this 28th day of June, 2021.

                                                _____
                                          UNITED STATES MAGISTRATE JUDGE